FILED
SUPERIOR COURT
OF GUAM

2020 JUN -4 PM 1:34

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0362-18 |
| vs. | **DECISION AND ORDER** |
| DANO HENRY, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Dano Henry's ("Defendant") Motion for Civil Compromise filed March 11, 2020. Defendant is represented by Assistant Public Defender Jocelyn M. Roden, and the People of Guam ("the Government") are represented by Assistant Attorney General Brendlynn O. Joseph. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On August 13, 2018, Defendant was charged with one count of Family Violence (As a Misdemeanor), and one count of Criminal Mischief (As a Misdemeanor). (Magistrate's Compl., Aug. 13, 2018). These charges stem from alleged events occurring on or about August 11, 2018. Guam Police Department ("GPD") Officers responding to a disturbance complaint were informed by Defendant's mother, Ms. Myhand M. Siren ("Ms. Siren") that Defendant had been drinking too much and she wanted him to stay home. (Decl. of Leonardo M. Rapadas,

*People v. Henry*
Case No. CM0362-18
Decision and Order

Page 1 of 1

Magistrate's Compl., Aug. 13, 2018). Defendant started to yell and scream outside the residence, and so Ms. Siren asked the neighbors to call the police. *Id.* When the GPD officers arrived, Defendant fled. *Id.* GPD officers responded for a second time to a disturbance complaint at the same residence later that night. *Id.* Ms. Siren told them that Defendant came back and was yelling again, and that when she prevented him from coming in the residence, he slapped her. *Id.* During the earlier incident, Defendant tore off the screen door to the residence. *Id.* The GPD officers observed a slight reddish coloring under Ms. Siren's left eye and the screen door laying by the entrance of the residence. *Id.*

Jury Selection and Trial in this matter was most recently set for April 1, 2020. On March 11, 2020, Defendant filed the instant motion. On March 13, 2020, at the Pre-Trial Conference, counsel for Defendant acknowledged that the time for any opposition to be filed by the Government had not yet lapsed. Accordingly, the Government was given time to review and file its response. On May 14, 2020, the Government filed its Opposition.

## DISCUSSION

Defendant moves the Court to dismiss this matter because he and the alleged victim have reached a civil compromise under 8 G.C.A. § 80.90. *See generally*, Mot. Civil Compromise, Mar. 11, 2020. The Government opposes, arguing that "the prosecution of family violence is of interest to the public," and that it is concerned "with the level of violence and erratic behavior displayed by the Defendant." (Opp'n at 3, May 14, 2020).

Under Guam law:

(a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution for the same offense.

8 G.C.A. § 80.90. Section 80.90 does not explicitly state that the statute is inapplicable to crimes of family violence, however, civil compromise is typically limited to cases involving monetary restitution for property damages. California law, which served as the basis for Guam's civil compromise statute, excludes family violence offenses from its civil compromise statute. *See* 8 G.C.A. § 80.90, Note; Cal. Pen. Code §§ 1377, 1378. California Penal Code Section 1377 provides:

> When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in section 1378, *except* when it is committed as follows:
>> (a) By or upon an officer of justice, while in the execution of the duties of his or her office.
>> (b) Riotously.
>> (c) With an intent to commit a felony.
>> (d) In violation of any court order as described in Section 273.6 or 273.65.
>> (e) *By or upon any family or household member, or upon any person when the violation involves any person described in Section 6211 of the Family Code or subdivision (b) of Section 13700 of this code.*
>> (f) Upon an elder, in violation of Section 368 of this code or Section 15656 of the Welfare and Institutions Code.
>> (g) Upon a child, as described in Section 647.6 or 11165.6.

Cal. Pen. Code § 1377 (emphasis added).

The Court recognizes that unlike California, Guam did not enact the specific prohibition of family violence cases from the civil compromise statute. However, the rational of prohibition exists not only because it is difficult to determine whether or not an alleged victim as actually received satisfaction for the injury, but because the prosecution of family violence cases is of interest to the public. Family violence cases frequently involve victims who, because of their status or relationship to the defendant, may be unduly influenced to civil compromise. Thus, civil compromise of the offense of family violence does not present "circumstances such that through private settlement the public is fully vindicated." *People v. Moulton*, 182 Cal. Rptr. 761, 768 (1982). Therefore, the Court will not allow the First Charge of Family Violence (As a Misdemeanor) to be dismissed under the civil compromise statute.

As to the Second Charge of Criminal Mischief (As a Misdemeanor), however, the Court notes that this charge is based on allegations that Defendant damaged the property of Ms. Siren. *See* Magistrate's Compl., Aug. 13, 2018. The value of the damaged screen door was $50.00. (Decl. of Leonardo M. Rapadas, Magistrate's Compl., Aug. 13, 2018). Therefore, dismissal of this specific charge may be appropriate under section 80.90. Here, Defendant is charged with criminal mischief as a misdemeanor, not a felony. Further, the alleged victim, Ms. Siren, has a remedy by civil action. Lastly, Ms. Siren has filed a Declaration with the Court. In her Declaration, Ms. Siren acknowledges that she has received compensation for her injury, and that the damaged screen door is fixed. *See* Decl. ¶ 5, Mar. 11, 2020. Accordingly, the Court is satisfied that the requirements of section 80.90 are met. The Court must now determine whether it should exercise its discretion to dismiss the criminal charge in this matter.

Section 80.90, as noted earlier, is based on California Penal Code sections 1377 and 1378, and thus California law is persuasive in the absence of any compelling reason to deviate. *See Zurich Ins. (Guam), Inc. v. Santos*, 2007 Guam 23 ¶ 7. In California, the legislative purpose of civil compromise is to remove from criminal prosecution offenses for which there is an adequate civil remedy instead of "subjecting the accused to criminal sanctions for the welfare of society in general." *People v. Stephen*, 227 Cal. Rptr. 380, 388 (Cal. App. 1986). Appropriate factors for the Court to consider include: (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement agreement was made voluntarily. *People v. Moulton*, 182 Cal. Rptr. 761, 767-68 (Cal. App. 1982).

As to the first factor, the Court finds that the civil injury was coextensive with the criminal violation, which is apparent from the availability of an adequate civil remedy. Ms. Siren has acknowledged that she has been compensated for the broken screen door and that it is fixed. As to the second factor, the serious of the injury and the circumstances of the offense are relevant. *See Moulton*, 182 Cal. Rptr. At 768. Although Defendant has moved to dismiss both charges, the family violence charge will remain. Additionally, Ms. Siren and Defendant reside

in the same household and share household expenses. As to the third and last factor, the Court does not have any indication that the civil compromise was entered involuntarily. Ms. Siren made her declaration under penalty of perjury under the laws of Guam. Further, there has been a significant length of time between the incident that led to the instant matter and the filing of the Motion for Civil Compromise and Ms. Siren's declaration. Accordingly, the Court finds dismissal of the Second Charge of Criminal Mischief (As a Misdemeanor) appropriate under the civil compromise statute.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART Defendant's Motion for Civil Compromise. The Court will dismiss the Second Charge of Criminal Mischief (As a Misdemeanor) based on civil compromise but will not dismiss the First Charge of Family Violence (As a Misdemeanor).

**IT IS SO ORDERED** this 4th day of June, 2020.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam